

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Overruled by [illegible]

Honorable A. G. Easterling
County Auditor
Limestone County
Groesbeck, Texas

Dear Sir:

Opinion No. O-6132
Re: "Is the order of the Commissioners' Court of Limestone County amending the County Budget, legally sufficient to protect the county auditor in paying out money in excess of the amount fixed in the original 1944 Budget?

"And another question."

Your request for an opinion on the above matters has been received and carefully considered. We quote your request as follows:

"Enclosed herewith is an order of the Commissioners' Court of Limestone County amending the County Budget.

"I should like to know whether or not the order is legally sufficient to protect me in paying out money in excess of the amount fixed in the original 1944 Budget. The difference between the amount fixed in the original budget and the anticipated revenue of the R & B Fund of Precinct No. 1, is approximately $2,000.00.

"Another question is whether or not any
funds provided in the enclosed order can go
to pay bills already created or, must it be
for bills incurred after the date of the order.

"Thanking you for your usual prompt atten-
tion, I am"

The order referred to by you reads as follows:

"BE IT REMEMBERED, that on this July 25, 1944,
the Commissioners' Court of Limestone County
reconvened in regular session with Henry Jackson,
County Judge, presiding, and W. P. Rasco, Pat
Ward, and C. B. Sellers, Commissioners, and
John Kidd, County Clerk, all present, and
passed the following order and resolution,
to-wit:

"Whereas, it is necessary to amend the
Limestone County budget for the year 1944 in
so far as the same relates to the R & B General
Fund of Commissioner's Precinct No. 1 of said
County in the amount of expenditures that may
be made for said Precinct for the year 1944,
an emergency now exists and has existed during
the first six months of said year and a case of
grave public necessity exists in said Precinct
because of such emergency in that an unusual and
unprecedented condition has arisen which could
not have been foreseen by reasonable diligent
thought and attention and expenditures to cover
which condition could not have been included in
the original budget for the year 1944, and which
emergency, unusual conditions and grave public
necessity was occasioned by unprecedented rains
and floods falling in said Precinct during the
first part of the year 1944 and which washed
away about 60 bridges, far in excess of former
years, and all of which has made it necessary
that said Commissioner's Precinct No. 1 of
Limestone County be permitted to expend the
total anticipated or expected available revenues
of the R & B General Fund of said Precinct No. 1
for the Year 1944.  On motion by W. P. Rasco,

seconded by Pat Ward, that the budget for
Limestone County, Texas, in so far as the
same relates to Commissioner's Precinct No.
1 be amended because of such emergency, un-
usual, and unforeseen conditions arising by
reason thereof, as to allow the expenditure
of all the anticipated and available revenues
of the R & B General Fund of said Precinct for
the year 1944, all Commissioners present voting
in favor of said motion but with the County
Judge protesting, it is therefore ordered by
the Court that the budget as prepared and
adopted for Limestone County, Texas, for the
year 1944 be and the same is hereby amended
so as to allow the expenditure in Commissioner's
Precinct No. 1 of Limestone County, Texas, of
all the anticipated and available revenues of
the R. & B. General Fund of said Precinct for
the year 1944 in remedying the emergency now
existing by reason of said grave public neces-
sity.

                    Henry Jackson
                    County Judge"

Article 689a-11 provides in part as follows:

". . . When the budget has been finally
approved by the Commissioners' Court, the budget,
as approved by the Court shall be filed with the
Clerk of the County Court, and taxes levied only
in accordance therewith, and no expenditure of
the funds of the county shall thereafter be made
except in strict compliance with the budget as
adopted by the Court. Except that emergency
expenditures, in case of grave public necessity,
to meet unusual and unforeseen conditions which
could not, by reasonable diligent thought and
attention, have been included in the original
budget, may from time to time be authorized by
the Court as amendments to the original budget
. . ."

We held in our Opinion No. O-4830, addressed to
Honorable L. L. Geren, County Attorney, Limestone County,
which was approved October 29, 1942, that:

". . . generally speaking, after the county budget has been finally approved by the county by the county commissioners' court, said court would not be authorized to amend the original budget, unless the expenditures set out in the amendment to the budget were emergency expenditures, and were caused and necessitated by grave public necessity to meet unusual and unforeseen conditions which could not, by reasonable diligence, and attention have been included in the original budget. . . .

"In connection with the foregoing, we want to point out that the discretion of the commissioners' court is not absolute authority to expend county funds in the case of an emergency, and is final, only where the question is debatable or where the existence of an emergency is unquestionable. However, said court has no authority to determine that an emergency exists, and expend county funds therefore, where the facts clearly show the contrary. Said court has no legal authority to declare an emergency and evade the law, where in fact, no emergency exists."

Corpus Juris, Volume 28, page 824, defines the term "grave" as follows:

"As an adjective, deserving serious consideration or thought; important; weighty."

Corpus Juris, Volume 50, Section 37, page 856, defines the term "public necessity" as follows:

"Needed for reasonable convenience, facility and completeness in accomplishing a public purpose; great or urgent public convenience; with reference to legislative action, that urgent, immediate public need arising from existing conditions, which, in the judgment of the Legislature, justifies a disturbance of

private rights which otherwise might be legally exempt from such interference."

If the Commissioners' Court determined that the matters referred to and included in the order submitted by you constituted a case of "grave public necessity to meet unusual and unforeseen conditions which could not, by reasonable diligent thought and attention, have been included in the original budget," which was a fact primarily to be passed upon by the court, the court would have the authority to amend the budget as indicated, and it is our opinion that the order above set out is legally sufficient to protect you in paying out money in excess of the amount fixed in the original 1944 budget insofar as a grave public necessity is concerned. However, we direct your attention to the following requirements of the budget law which we think should be complied with.

Article 689a-9 contains the following provisions:

". . . The budget must also be so prepared as to show as definitely as possible each of the various projects for which appropriations are set up in the budget, and the estimated amount of money carried in the budget for each of such projects. The budget shall also contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of each and every fund of the county government, the funds received from all sources during the previous year, the funds available from all sources during the ensuing year, the estimated revenues available to cover the proposed budget and the estimated rate of tax which will be required."

It is our opinion, therefore, that said amended budget should show as definitely as possible each of the various projects for which appropriations are set up in the amended budget, and the estimated amount of money carried in the amended budget for each of such projects, as well as the estimated revenues available to cover said amended budget.

Our Opinion No. 0-4830 above referred to also contains the following holding:

"As we understand your first question, you desire to have our opinion on the following question: Can the county budget now be legally amended to include obligations incurred prior to the adoption of said amendment? In answer to this question, it is our opinion that the county budget cannot now be legally amended to include obligations incurred prior to the adoption of said amendment. In other words, the commissioners' court had no legal authority to incur any obligations or make any expenditures of county funds except in fixed compliance with the county budget. except emergency expenditures in case of grave public necessity, as outlined by Section 11 of Article 689a, supra. Said provision (Sec. 11, Article 689a) does not authorize the expenditure of county funds or the incurring of obligations which are to be paid out of current revenues without first amending the county budget in compliance with the above mentioned statute."

Accordingly, you are advised that no funds provided in the order in question can go to pay bills already created, but all such funds must be used to pay bills incurred after the date of the order amending the budget and in accordance with the rules of law above referred to.

Trusting that this satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:fo